IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GEOVERA SPECIALTY INSURANCE COMPANY<br>Plaintiff,<br><br>v.<br><br>GARY LAMBERT, JR, AND PORTIA SMITH, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, MS.<br>Defendants. | Civil Action No.<br>2:19-CV-14783 |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12 (b)

MAY IT PLEASE THE COURT:

FACTS:

The underlying facts surrounding this matter are most tragic indeed. Portia Smith was married to Jonathan Smith and eight months pregnant when Jonathan was tragically killed by gunshot wound to his head, on or about September 14, 2019. The facts are not greatly in dispute. The handgun which fired the fatal shot was owned by Mr. Gary Lambert, Jr., one of your Defendants herein, and was in the hands of Mr. Christopher Lemley when it was discharged. Mr. Smith spent approximately five days in the hospital, but succumbed to his injuries. Mere weeks later, Mrs. Smith gave birth to their daughter, M.S.

LAW AND ARGUMENT:

Geovera's request for declaratory judgment is based on 28 U.S.C. 2201, *et seq*, also known as the Declaratory Judgment Act, which reads, in pertinent part, "…any court of the United States, upon the filing of an appropriate pleading, **may** (emphasis added) declare the rights and other legal

relations of any interested party seeking such declaration…". It is abundantly clear in the language of the statute as well as a long line of precedent that this Court has discretion as to whether or not to act on its authority to make a declaration under this Act. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137 2143, 132 L.Ed.2d 214 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952)). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton,* 515 U.S. at 286, 115 S.Ct. at 2142. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton,* 515 U.S. at 289, 115 S.Ct. at 2143.

In *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir.1994), the 5th Circuit identified seven nonexclusive factors for a district court to consider in deciding whether to decide or dismiss a declaratory action. These factors are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 590-91; *See also* <u>Vulcan Materials Co. v. City of Tehuacana,</u> 238 F.3d 382, 390 (5th Cir.2001); <u>Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.,</u> 996 F.2d 774, 778 (5th Cir.1993).

Taken in order:

1. Is there a pending state action in which all of the matters in controversy may be fully litigated: Presently that answer is "no". However, that is only because it has not become necessary. This tragic incident is just over six months from occurrence. Undersigned counsel has been in contact with multiple counsel on this matter in an attempt to amicably resolve the matter. In fact, an agreement in principal exists to settle the matter with one of the two current alleged tortfeasors. Undersigned counsel has presented a reasonable offer to Geovera and Mr. Lambert with the hopes that the matter can be resolved without the need for litigation which would be painful for all parties involved. For the Court's awareness, Mr. Lambert, Mr. Lemley, and the deceased Mr. Smith, were lifelong friends. Prescription is not a concern for Mrs. Smith and her child approximately five months remain to file suit if necessary. This issue presents a perplexing issue for undersigned counsel - to file what may be an unnecessary lawsuit to address one of the factors that this Honorable Court must address to determine whether or not to exercise its discretionary authority to make a declaration in this matter or to continue with good faith negotiations which remains in the best interests of all involved, both financially and emotionally. If this Honorable Court would determine that this factor is critical in its decision whether or not to exercise its discretion, Smith would ask that the Court simply allow her to file the state court action which would absolutely fully litigate all the matters in controversy, specifically those which Geovera asks this Honorable Court to make a declaration upon. In *Sherwin*

*Williams v. Holmes County*, 343 F.3d 383, 393 (5th Cir. 2003), the Court analyzed the need for a pending and parallel state case as pertains to this factor. The Court found that it was not necessary stating, "This court finds that a per se rule requiring a district court to hear a declaratory judgment action is inconsistent with the discretionary Brillhart and Wilton standard. As the Court stated in Wilton, "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Id. at 286, 115 S.Ct. at 2142. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 289, 115 S.Ct. at 2143. The lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action."

2. Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant: It seems without question that the plaintiff in this matter, Geovera, filed this suit in anticipation of a lawsuit which could potentially be filed by Smith. In fact, the Complaint for Declaratory Judgment itself filed by Geovera outlines the reasoning for this Court to determine that factor 2 is satisfied.

3. Whether the plaintiff engaged in forum shopping in bringing the suit: Jurisdiction of this Honorable Court is based on diversity. As such, the substantive law is Louisiana law. The only way Geovera could fashion diversity was to sue both its own insured, Gary Lambert, Jr. and Smith collectively as defendants to create the diversity. Mr. Lambert, Mr. Lemley, and the deceased Mr. Smith, are all residents of Louisiana. Mrs. Smith and her child are

both residents of Louisiana. The incident occurred in the Parish of Orleans, State of Louisiana. The matter is entirely a state court matter from every angle. Should the matter settle, as it partially has, the declaration is rendered moot. Should the matter require litigation, state court is the appropriate forum and would address all issues involved in resolving the matter. It is reasonable to assume that Geovera simply created diversity in an attempt to have the matter heard in federal court as opposed to state court.

4. Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist: It is possible and somewhat anticipated that, should litigation become necessary, Geovera will make an attempt to force litigation of the entire matter in federal court. Of course, that would be inequitable to Smith as the appropriate forum for this litigation would be the Civil District Court for the Parish of Orleans or 24th Judicial District Court for the Parish of Jefferson. Also, as noted in number 7 below, this matter may involve declaring rights with may be novel state substantive law issues. That precedent could follow in a state court action which may or may not become necessary.

5. Whether the federal court is a convenient forum for the parties and witnesses: This Honorable Court seems no more or less convenient than Civil District Court for the Parish of Orleans would be for the parties and witnesses. However, it would be more inconvenient than would 24th JDC for most, if not all, of the parties and witnesses.

6. Whether retaining the lawsuit would serve the purposes of judicial economy: Retaining this declaratory action would serve no purpose of judicial economy. As stated herein, there may not even be a need for the declaration. However, if it were to become necessary, the declaration is a state law issue better determined by the state court judge and would be an integral portion of the suit which would be filed in state court. Certainly, the latter route

would be more judicially economical.

7. Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending; There is no current judicial decree between the parties in this matter. However, the matter upon which Geovera seeks a declaration is certainly a state substantive law issue and may actually be novel. Insurance companies can limit coverage in any way as long as it does not conflict with statutory provisions or public policy. It is the public policy of Louisiana that liability insurance is issued for the protection of the general public as well as for the security of the insured. *Walker v. State Farm Mut. Auto. Ins.*, 37, 063 (La. App. 2d Cir. 06/25/03), 850 So. 2d 882, writs denied, 2003-2019 (La. 12/19/03), 861 So. 2d 574 and 2003-2117 (La. 12/19/03), 861 So. 2d 575. The goal of all liability policies is to benefit injured persons and to give coverage and protection to all insureds. *Marcus v. Hanover Insurance Company*, 1998-2040 (La. 06/04/99), 740 So. 2d 603. *Goldsmith v. Green* (La. App. 2010). Smith has made an offer to settle the matter with Mr. Lambert for an amount within the total policy limits of Geovera. It is anticipated that Mr. Lambert will contest any limitations of coverage amounts by Geovera as will Smith. Both endeavors fit within the goal of all liability policies to benefit the injures persons, Smith and her daughter, as well as insureds, Mr. Lambert. Undersigned has found no precedent determining whether or not the limitations claimed by Geovera are contrary to statute or public policy. As such, this potentially novel issue will likely be contested.

The above seven factors are non-exclusive. The Court need not find a particular answer to all seven. The factors provide guidance and consideration for the Court to ponder when deciding whether or not to exercise its discretion.

In *Sherwin Williams v. Holmes County*, 343 F.3d 383, 390 (5th Cir. 2003), the Court explained that while all circuits have their own tests for whether or not the district court should exercises its discretion to make a declaration, all tests revolve around three basic principles: proper allocation of decision making between federal and state courts, fairness, and efficiency. In this matter, there is little question that all three lean towards this Honorable Court exercising its discretion and allowing the state court to decide the issues should it become necessary.

Also, in *Sherwin Williams* at 394, the Court analyzed the issue of the "presence of federal questions in the declaratory judgment action" as federal questions were present in the request for declaratory action. In this case, there are clearly no federal questions, nor are any alleged by Geovera.

CONCLUSION:

In this tragedy, the two alleged tortfeasors are residents of the State of Louisiana. The deceased is a resident of Louisiana. The widow and her child are residents of Louisiana. The tragedy occurred in Louisiana. The only tie to federal court was created by Geovera lumping its own insured in with Mrs. Smith and her child for the purposes of a declaratory action asking this Honorable Court to determine Louisiana substantive law issues, some of which may be novel, thus creating diversity. From every angle, this matter belongs in state court. This Honorable Court should exercise its clear discretion and decline to make a declaration in this matter.

/s/ Stephen M. Petit, Jr.
Stephen M. Petit, Jr. T.A.(LABR29381)
1939 Hickory Avenue, Suite 208
Harahan, Louisiana 70123
Telephone: (504) 452-0624
Facsimile: (504) 336-3230
E-mail: steve@petitlawfirm.com
*Counsel for Defendant, Portia Smith*