UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GEOVERA SPECIALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 19-14783 |
| GARY LAMBERT, JR., et al. | SECTION: T (1) |

## ORDER

Defendant Portia Smith, individually and on behalf of her minor child, M.S., has filed a Motion to Dismiss for Failure to State a Claim and a Motion to Dismiss for Lack of Jurisdiction.[1] Defendant Gary Lambert, Jr., has also filed a Motion to Dismiss.[2] Plaintiff GeoVera Specialty Insurance Company has filed a response in opposition.[3] For the reasons set forth below, the Motions are GRANTED and the declaratory action is DISMISSED WITHOUT PREJUDICE.

FACTS and PROCEDURAL HISTORY

Portia Smith was married to Jonathan Smith and eight months pregnant when Jonathan was tragically killed by a gunshot wound to his head. The handgun from which the fatal shot was fired was owned by Mr. Gary Lambert, Jr., and was in the hands of Mr. Christopher Lemley when it was discharged. Mr. Smith spent approximately five days in the hospital but succumbed to his injuries. Thereafter, Ms. Smith gave birth to their daughter, M.S.

Ms. Smith submitted a claim to Plaintiff GeoVera on behalf of herself and her minor child, for the alleged negligence of Mr. Lambert. GeoVera filed a Complaint for Declaratory Judgment

---

[1] R. Doc. 11.
[2] R. Doc. 13.
[3] R. Doc. 16.

1

seeking a ruling regarding the parties' respective rights and obligations under the homeowners' policy issued by GeoVera to Mr. Lambert's parents. Particularly, GeoVera seeks a ruling that the Criminal Acts exclusion in the policy bars coverage for Ms. Smith's claim against Mr. Lambert, and that GeoVera owes no duty to defend or indemnify Mr. Lambert in connection with any claim or lawsuit brought by Ms. Smith. Alternatively, GeoVera seeks a ruling that any coverage under the policy is limited to the $25,000 sub-limit for bodily injury arising out of the use, ownership, or maintenance of a firearm. Ms. Smith contends the full $300,000 limit of liability is available. Since the filing of GeoVera's action, Ms. Smith has filed a Petition in the Civil District Court for the Parish of Orleans.

## LAW and ANALYSIS

GeoVera's request for declaratory judgment is based on 28 U.S.C. 2201, *et seq,*, also known as the Declaratory Judgment Act, which reads, in pertinent part: "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration…." Under this Act, the Court has the discretion whether or not to act on its authority to make a declaration. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[4] "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[5] "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims

---

[4] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137 2143, 132 L.Ed.2d 214 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952)).
[5] *Wilton*, 515 U.S. at 286, 115 S.Ct. at 2142.

2

within their jurisdiction yields to considerations of practicality and wise judicial administration."[6]

In *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994), the Fifth Circuit identified seven nonexclusive factors for a district court to consider in deciding whether to decide or dismiss a declaratory action. These factors are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

The Court finds that the factors set forth in *Trejo* require dismissal of the declaratory action in federal court. First, although there was no state court proceeding at the time the action was filed in this Court, there is now a pending state court action in which the issues raised in the instant action may be resolved. GeoVera points out that Ms. Smith's petition was filed after it moved for summary judgment in the instant action. GeoVera argues that its declaratory judgment action and Ms. Smith's state court suit are not parallel, and the state court suit will not resolve all matters in controversy presented in this suit. While they may not be parallel, there is nothing to prevent the state court from resolving the coverage and indemnity issues presented in the federal case. Thus, abstention does not result in denying GeoVera a forum to resolve its claims.

---

[6] *Wilton*, 515 U.S. at 289, 115 S.Ct. at 2143.

With regard to the second and third factors, even if GeoVera did not intentionally file its declaratory action in anticipation of the state suit and did not seek to select a forum, these factors weigh in favor of abstention. Defendants argue that GeoVera filed suit against Ms. Smith and its own insured, Mr. Lambert, in order to create diversity and have its action heard in federal court. However, the fact that GeoVera was not acting in bad faith is not the sole basis for retaining the action. Under the fourth factor, there are possible inequities in allowing the declaratory action to proceed in federal court. All of the issues that may arise are governed by Louisiana law, which the state court is well-equipped to apply. The inequity in piecemeal litigation is apparent. Under the fifth factor, the convenience of the forum is essentially the same, as both courts are located in New Orleans. As to the sixth factor, the Court agrees with Defendants that retaining the declaratory action would not necessarily serve judicial economy, because all of the issues presented may be resolved in the state court. Finally, as to the seventh factor, the Court does not specifically envision a novel issue of law, as Defendants contend, but it agrees that the state court, hearing all issues of liability and damages is well-situated to resolve the coverage and indemnity issues raised in the declaratory action. Accordingly, the Court finds that the *Trejo* factors weigh in favor of abstention rather than retention.

For these reasons, **IT IS ORDERED** that the Motions to Dismiss are GRANTED and this declaratory action is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 31st day of March 2021.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE